UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BILLY WAYNE NICHOLS,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Criminal Case Number 11-00228
Civil Case Number 16-01502
Honorable David M. Lawson

## ORDER DENYING MOTION TO VACATE SENTENCE

Petitioner Billy Wayne Nichols was sentenced on August 12, 2013 to a prison term of 180 months after he pleaded guilty to conspiracy to commit a Hobbs Act robbery, possessing and brandishing a firearm in furtherance of a crime of violence, and being a felon in possession of a firearm. On June 22, 2016, he filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he argues that the crime of Hobbs Act robbery no longer qualifies as a "crime of violence," as that term is defined both in 18 U.S.C. § 924(c), and in the Career Offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2, because the language of those definitions is unconstitutionally vague under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that a similar phrase in the Armed Career Criminal Act (ACCA) — which defined a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), known as the "residual clause" — was unconstitutionally vague, and therefore "an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2555-56. The Court has reviewed the petition and the government's response and now finds that all of the claims raised are without merit. The motion therefore will be denied.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The claim that section 924(c) is unconstitutionally vague under the holding in *Johnson* conclusively is foreclosed by the controlling case law in this circuit, namely *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). "In *Taylor*, [the Sixth Circuit] squarely rejected the argument that *Johnson* invalidated § 924(c)(3)(B) as unconstitutionally vague, and that decision forecloses his argument here." *United States v. Odum*, No. 15-2280, 2017 WL 6524022, at *5 (6th Cir. Nov. 30, 2017). The Sixth Circuit squarely has held that conspiracy to commit a Hobbs Act robbery is a "crime of violence" for the purposes of section 924(c). *United States v. Taylor*, 176 F.3d 331, 337-38 (6th Cir. 1999) ("We conclude that . . . a conspiracy to commit a robbery that violates the Hobbs Act is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be used against the person or property of another, and therefore is a crime of violence within the meaning of section 924(c)."). That holding is not called into question by *Johnson*, which the Sixth Circuit has held is inapplicable to the language of section 924(c). The Sixth Circuit also recently reaffirmed its holding that the underlying offense of Hobbs Act robbery, which was the object of the conspiracy charged here, unequivocally qualifies as a "crime of violence" under section 924(c).

*United States v. Gooch*, 850 F.3d 285, 292 (6th Cir.), *cert. denied*, 137 S. Ct. 2230 (2017) ("We join our sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence. The district court did not plainly err in sentencing defendant under § 924(c)." (collecting cases)).

The petitioner's challenge to the residual clause language in the advisory sentencing guidelines fares no better. "[I]n *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015), [the Supreme Court held] that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague." *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 890 (2017). Following that decision, in *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016), the Sixth Circuit concluded that the Court's reasoning in *Johnson* "compels the same result for [the] identical 'residual clause' in the U.S. Sentencing Guidelines," and held that the residual clause of the Career Offender guideline also was unconstitutionally vague. However, on March 6, 2017, the Supreme Court reversed that decision, holding that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles*, 137 S. Ct. at 897. The *Johnson* challenge to the Career Offender guideline language is a non-starter after the decision in *Beckles*.

The government acknowledges that the defendant's career offender status could be subject to some debate if he were resentenced today, based on the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017), in which the court of appeals held that a conviction for aggravated burglary under Tennessee state law does not qualify as a "violent felony" under the Armed Career Criminal Act. Two of the petitioner's convictions that qualified him for career offender status were for aggravated burglary. However, the petitioner concedes that those convictions would qualify as "crimes of violence" under the residual clause of section 4B1.2, which

-3-

is not subject to vagueness challenges, and the application of which he has not challenged on any other basis in his present motion. *Ferrell v. United States*, No. 16-6161, 2017 WL 6947734, at *1 (6th Cir. Nov. 8, 2017) (rejecting *Johnson* challenge to U.S.S.G. § 4B1.2 residual clause and affirming sentence including career offender designation premised on "multiple prior convictions for aggravated burglary, in violation of Tennessee Code Annotated § 39-14-403"). Thus, there is no basis to question the career offender designation due to the inclusion of two convictions for Tennessee aggravated burglary as qualifying offenses. Unlike the defendant in *Stitt*, the petitioner here was not sentenced under the Armed Career Criminal Act, and, therefore, the resolution of the government's petition for *certiorari* in *Stitt*, which remains pending before the Supreme Court, will have no impact on the outcome in this case.

The petitioner has failed to show that there was any constitutional defect in his conviction and sentence.

Accordingly, it is **ORDERED** that the motion to vacate sentence [dkt. #1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge
Sitting by special designation

Dated: January 18, 2018